**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| NINA LOUP       *<br>        *<br>    PLAINTIFF    *<br>VS.                    *    CIVIL ACTION NO. _____<br>                   *<br>                   *    COMPLAINT AND<br>NEW RESIDENTIAL MORTGAGE, LLC    *    DEMAND FOR A JURY TRIAL<br>    DEFENDANT    * | |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Nina Loup brings this action to secure redress from unlawful mortgage servicing practices and unfair credit reporting practices by defendant New Residential Mortgage, LLC ("New Rez"), servicer of plaintiff's home mortgage. Plaintiff was charged for force-placed insurance by New Rez for her residence when she had her own policies in place for a number of years, eventually resulting in New Rez refusing her payments, threatening foreclosure, and reporting her mortgage as delinquent to consumer reporting agencies when she was not. New Rez also breached the terms of the note and mortgage at issue. Plaintiff Nina Loup also alleges violations of the Cranston-Gonzales amendments to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq.* ("RESPA") and the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* by New Rez.

**II. JURISDICTION**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 15 U.S.C. §1681p, and 12 U.S.C. §2605.

**III. PARTIES**

3. Plaintiff, Nina Loup ("Ms. Loup"), is a natural person who resides in Jefferson

Parish.

4. Defendant, New Residential Mortgage, LLC is a foreign limited liability corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process is CT Corporation Systems, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

5. Defendant New Rez is the entity to whom Ms. Loup was supposed to make her monthly mortgage payments discussed below and which sends out periodic statements to Ms. Loup for her mortgage loan, the servicing and credit reporting of which is the subject matter of this suit.

## IV. FACTUAL ALLEGATIONS

6. Ms. Loup resides in a condominium she owns in Jefferson Parish.

7. Beginning approximately six years ago, the prior servicer of her mortgage, Ditech Financial, claimed she had not maintained hazard insurance in her home.

8. When New Rez took over as servicer, it perpetuated this falsehood that Ms. Loup had not maintained hazard insurance on her home.

9. In approximately December 2020, New Rez ceased accepting payments from Ms. Loup because of the wrongfully force-placed insurance had drastically increased her monthly payment.

10. Ms. Loup has continuously provided New Rez with sufficient information to show that she had maintained the required hazard insurance but New Rez continued to charge her for force-placed insurance wrongfully.

11. Through counsel, Ms. Loup sent a "Notice of Error" letter to New Rez, as defined in the Cranston-Gonzales amendment to RESPA, 12 U.S.C. §2605(e), and New Rez

responded with a letter dated January 24, 2021.

12. New Rez denied that Ms. Loup was current on her mortgage and that it had wrongfully force-placed insurance on Ms. Loup's home.

13. New Rez violated its obligations under the Cranston-Gonzales amendment, when it failed to conduct a reasonable investigation into Ms. Loup's complaint and thereafter failed to take corrective action of recognizing and acknowledging Ms. Loup was not delinquent in her mortgage payments.

14. Ms. Loup spent time assisting counsel in creating and writing her RESPA dispute letter and incurred out-of-pocket expenses related to this RESPA dispute letter, including expenses for preparing, photocopying and obtaining certified mailings of correspondence.  She also experienced lost time and inconvenience in putting the information together which was needed for the RESPA dispute letter.

15. New Rez failed to take corrective action within 30 business days of the receipt of the RESPA dispute letters from Ms. Loup.  Specifically, (1) New Rez did not make any necessary corrections to Ms. Loup's account for the RESPA dispute letters nor did it provide written notification of the correction in response to these dispute letters.

16. Ms. Loup has also suffered emotional distress flowing from New Rez's violation of RESPA.  Ms. Loup suffers from deep mental anguish that New Rez will persist in not conducting a thorough investigation as is required by 12 U.S.C. § 2605(e)(2) and must presently live with the knowledge that she may lose her home due to New Rez's actions, which is about to commence foreclosure proceedings.  She also presently lives with the impending dread of a large (and wrongful) payment that would impose a severe hardship on her to pay, and the fear of the

resulting wrongful foreclosure that would be instituted if this large payment cannot be made.

17. In the past two years Ms. Loup has disputed the negative information which is being reported by consumer reporting agencies, which those agencies have received from New Rez, as a furnisher of information.

18. Ms. Loup mailed several dispute letters in the two years prior to the filing of this lawsuit, regarding the reporting of this account by New Rez to consumer reporting agencies, including but not limited to Equifax Credit Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

19. Equifax received these dispute letters and it notified New Rez of Ms. Loup's dispute pursuant to 15 U.S.C. § 1681i(a).

20. Equifax received this dispute letter and it notified New Rez of Ms. Loup's dispute pursuant to 15 U.S.C. § 1681i(a).

21. Experian received these dispute letters and it notified New Rez of Ms. Loup's disputes pursuant to 15 U.S.C. § 1681i(a).

22. Trans Union received these dispute letters and it notified New Rez of Ms. Loup's disputes pursuant to 15 U.S.C. § 1681i(a).

23. In response to Ms. Loup's disputes from Equifax, New Rez verified to Equifax that Ms. Loup was delinquent on this note when he was not.

24. In response to Ms. Loup's disputes from Experian, New Rez verified to Experian that Ms. Loup was delinquent on this note when he was not.

25. In response to Ms. Loup's disputes from Trans Union, New Rez verified to Trans Union that Ms. Loup was delinquent on this note when he was not.

**DEFENDANT NEW REZ'S PRACTICES**

26. New Rez's failure to comply with the provisions of RESPA and investigate and correct the concerns raised by Ms. Loup have caused her to suffer actual damages in the form of great anxiety, anguish, and worry associated with a possible foreclosure proceeding, as well as increased cost of credit. It also has caused her actual damages regarding the misapplication of her payments, and incidental time and costs associated with the RESPA dispute letters.

27. New Rez's failure to comply with the provisions of RESPA is part of a pattern and practice of noncompliance and Ms. Loup is entitled to additional damages under RESPA.

28. Ms. Loup is further entitled to recover, upon successful prosecution of this action, the costs of this action, including reasonable attorney's fees, for New Rez's violations of RESPA.

29. As a result of defendant New Rez's failure to comply with the requirements of the FCRA with respect to Ms. Loup, he has suffered actual damages, including damage to his reputation, emotional distress, mental anguish, stress, humiliation, aggravation, for which he seeks damages in amounts to be determined by the jury. Plaintiff Nina Loup also seeks punitive damages in an amount to be determined by the jury.

WHEREFORE, plaintiff Nina Loup respectfully requests that the Court grant the following relief in her favor and against New Residential Mortgage LLC for:

a. Actual damages for Nina Loup from New Rez for its violations of the RESPA;

b. Additional damages for Nina Loup from New Rez of $2000 for its violations of RESPA;

c. Attorney's fees and costs from New Rez under the RESPA;

d. Damages for Nina Loup from New Rez for its breach of contract;

e. Actual damages for Nina Loup from New Rez for its violations of the FCRA;

f. Punitive damages for Nina Loup from New Rez for its violations of the FCRA;

g. Attorney's fees and costs for Nina Loup from New Rez under the FCRA;

h. Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

RESPECTFULLY SUBMITTED:

                                                  THE CALUDA GROUP,, LLC

s/Garth J. Ridge
**GARTH J. RIDGE**                                    William G. Cherbonnier, Jr.
Attorney for Plaintiff                                  Attorney for Plaintiff
Bar Roll Number: 20589                             Bar Roll Number 04031
251 Florida Street, Suite 301                     2550 Belle Chase Highway, Suite 215
Baton Rouge, Louisiana 70801                 Gretna, LA 70053
Telephone Number: (225) 343-0700        Telephone Number (504) 309-3304
Facsimile Number: (225) 343-7700         Facsimile Number (504) 309-3306
E-mail: garth@garthridge.com                E-mail: wgc@billcherbonnier.com