UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| NINA LOUP | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-302 |
| NEW RESIDENTIAL MORTGAGE LLC | * | SECTION "O" (2) |

**ORDER AND REASONS**

Pending before me is Defendant New Residential Mortgage LLC's Motion for Sanctions and Contempt. ECF No. 30. The motion was scheduled for submission on Wednesday, May 22, 2024. ECF No. 30-4. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, May 14, 2024.[1] No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion for Sanctions and Contempt is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I. BACKGROUND**

Plaintiff filed suit on January 23, 2023, alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), after, despite her having maintained hazard insurance, Defendant allegedly obtained forced placed hazard insurance which increased her monthly payments. ECF No. 1. In response to Defendant's motion to compel, this Court ordered that Plaintiff provide full and complete discovery responses by March 6, 2024. ECF Nos. 23, 24. Two months after this deadline, Defendant filed this Motion for Sanctions and Contempt, alleging that

---

[1] *See* E.D. La. L.R. 7.5. Although the Court has authority to grant a motion as unopposed, it is not required to do so. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

Plaintiff has still not provided the required discovery responses despite the court's order.  ECF No. 30-1 at 1-2.

## II.     APPLICABLE LAW AND ANALYSIS

Rule 37 expressly authorizes sanctions against a party for violation of a discovery order.[2] Under Rule 37, the Court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).  Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the failure to obey a discovery order,[3] unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P.  37(b)(2)(C).  Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct.[4]  "[I]mposition of a sanction without a prior warning is to be avoided."[5]

In addition, federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their docket, which includes the authority to punish for contempt in

---

[2] *See Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 14, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 289, 290 (5th Cir. 2002)) (upholding civil contempt order imposed as sanction for violation of a protective order)).
[3] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).
[4] *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 498 (N.D. Tex. Apr. 18, 2016) (citing *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996)); *Thomas v. Cap. Sec. Servs.*, 836 F.2d 866, 877–78 (5th Cir. 1988).
[5] *Francois v. Blandford*, No. 10-1330, 2012 WL 38291, at *2 (E.D. La. Jan. 6, 2012).

order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on errant lawyers practicing before the court.[6] "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated."[7] Moreover, certain procedural requirements must be satisfied before imposing contempt sanctions, which vary depending on whether the sanction is civil or criminal contempt.[8] In order to impose contempt sanctions, there must be clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order.[9] Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order.[10] Even an

---

[6] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted).

[7] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999) (internal quotations and citations omitted).

[8] "Contempt is characterized as either civil or criminal depending upon its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (citation omitted); *Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 F. App'x 249, 254 (5th Cir. 2020) (noting that whether a sanction is civil or criminal is determined by looking to the character of the relief). Generally, criminal contempt is designed to vindicate the authority of the court. *Id.* (citing *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 263 (5th Cir. 2009)). It is punitive and typically punishes a contemnor for past disobedience. *Id.* Criminal contempt is a crime and includes criminal penalties that may not be imposed without observance to those Constitutional protections afforded to criminal proceedings. *See id.* In contrast, civil contempt can either be compensatory or coercive. To be compensatory, it must remedy losses sustained. *Id.*; *see also Quilling v. Funding Res. Grp.*, 227 F.3d 231, 234 (5th Cir. 2000). Where coercive, civil contempt is designed to pressure the contemnor into compliance with a court order. *Ravago*, 832 F. App'x at 254. Coercive civil contempt is avoidable through obedience. *Id.*; *In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978) (citations omitted); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290–91 (5th Cir. 2002) (citations omitted) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions."). Civil contempt may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–27 (1993).

[9] *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (citing *FDIC v. LeGrand*, 43 F.3d 163, 165 (5th Cir. 1995)); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted); *see also Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (characterizing clear and convincing evidence as "that 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable [the] fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'") (quoting *Travelhost, Inc.*, 68 F.3d at 961; *accord Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (citation omitted); *Am. Serv. Mktg. Corp. v. Bushnell*, No. 09–3097, 2009 WL 1870887, at *2 (E.D. La. June 25, 2009) (Engelhardt, J.) (denying contempt order based on lack of clear and convincing evidence). Courts also require a showing of damages resulting from the violation. *Harrell v. CheckAGAIN, LLC*, No. 03-0466, 2006 WL 5453652, at *2 (S.D. Miss. July 31, 2006) (citation omitted); *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (citations omitted); *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).

[10] *See Whitfield*, 832 F.2d at 913 (citation omitted).

3

unintentional violation of a discovery order may lead to civil sanctions, though the court should consider the degree of willfulness in determining the appropriate sanction.[11]

Plaintiff has offered no excuse whatsoever for the failure to comply with this Court's Order dated February 21, 2024, requiring that she deliver discovery responses by March 6, 2024. Plaintiff's failure to comply with the Federal Rules of Civil Procedure and this Court's February 21, 2024 Order is inexcusable. She must respond to the outstanding documents within fourteen (14) days of this Order. Should she fail to do so, this Court may impose more severe sanctions as authorized by Rule 37. Given Defendant's well founded motion and Plaintiff's failure to comply with the Court's February 21, 2024 Order, an award of reasonable expenses incurred in filing of this motion to compel is proper.

In the event that Defendant seeks to obtain such an award, it must confer with Plaintiff as to a reasonable amount of fees and costs. If the parties agree, then Plaintiff shall pay that amount. If the parties do not agree, then Defendant must, no later than June 12, 2024, file a Motion for Fees and Costs pursuant to Rule 37. The new filing must include (a) an affidavit attesting to its attorney's education, background, skills and experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed, as required by Local Rule 54.2.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

---

[11] *Walle Corp. v. Rockwell Graphics Sys.*, No. 90-2163, 1992 WL 165678, at *2 (E.D. La. July 6, 1992) (citations omitted).

4

IT IS ORDERED that Defendant's Motion for Sanctions and Contempt is GRANTED IN PART AND DENIED IN PART as stated herein. Plaintiff must deliver discovery responses by June 5, 2024, at risk of additional sanctions.

IT IS FURTHER ORDERED that Defendant be awarded reasonable fees and costs incurred in filing this motion. Should a motion to fix same be necessary, Defendant must file same by June 12, 2024.

New Orleans, Louisiana, this __22nd__ day of May, 2024.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE